**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

**v.**

**Donald V. HAMMAS, Defendant–Appellant.**

**No. 05CA1006.**

Colorado Court of Appeals, Div. III.

June 29, 2006.

John W. Suthers, Attorney General, Katherine A. Hansen, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Fahrenholtz & Carey, James E. Fahrenholtz, Bruce C. Carey, Avon, Colorado, for Defendant–Appellant.

Opinion by Judge GRAHAM.

Defendant, Donald V. Hammas, appeals the judgment of conviction entered after the court found him guilty of possession of a schedule II controlled substance. We affirm.

On May 16, 2004, police officers responded to a report of a fight in progress. At the

scene, Deputy Degan contacted defendant and, because of his erratic behavior, became concerned for his safety and the safety of others. After speaking with defendant and obtaining his consent, the officer took him into protective custody to be evaluated by a mental health counselor.

The police department and the counseling service had an arrangement whereby an individual needing evaluation would be taken to the detention facility and a counselor contacted. Therefore, Deputy Degan took defendant to the jail.

At the jail, another officer conducted an inventory search of defendant's belongings. The officer found a wad of money in one pocket and, with the money, a small, clear plastic bag containing a white crystalline substance. Defendant told the officers, "[T]hose are my diet pills from my friend."

Deputy Degan told the officer that he believed the white substance was methamphetamine. He opened the bag, conducted a field test on the contents, and determined that the substance was methamphetamine.

Defendant filed a motion to suppress the evidence of the methamphetamine, arguing that it was the result of an illegal search.

At the hearing on the motion, Deputy Degan testified that his belief that the white substance was methamphetamine was based on his training and experience, the appearance of the substance, and the way it was packaged. He stated that it was "immediately apparent" to him that the bag contained a controlled substance.

At the end of the hearing, the trial court denied the motion to suppress, finding that the officers had conducted a proper inventory search of defendant, a civil detainee. The court also found that the clear container fell under the plain view exception to the warrant requirement.

Following a bench trial, defendant was convicted of possession of a schedule II controlled substance (methamphetamine). The trial court sentenced him to four years probation.

Defendant contends that the trial court erred in denying his motion to suppress evidence obtained unconstitutionally during an inventory search conducted after he was taken into protective custody. We disagree.

The United States and Colorado Constitutions protect an individual from unreasonable searches and seizures. U.S. Const. amends. IV, XIV; Colo. Const. art. II, § 7.

■ As a general rule, warrantless searches of a person's home or property, whether to make an arrest or to search for specific objects, are prohibited. *See* U.S. Const. amend. IV; Colo. Const. art. II, § 7; *Illinois v. Rodriguez,* 497 U.S. 177, 110 S.Ct. 2793, 111 L.Ed.2d 148 (1990); *People v. Hopkins,* 870 P.2d 478 (Colo.1994). Such a search is presumed unreasonable unless the search falls within certain recognized exceptions to the warrant requirement. *Horton v. California,* 496 U.S. 128, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990); *People v. Hauseman,* 900 P.2d 74 (Colo.1995).

■ A threshold question in determining whether the governmental conduct is unreasonable is whether the person has a " 'constitutionally protected reasonable expectation of privacy' in the area or item searched or seized." *People v. Carper,* 876 P.2d 582 (Colo.1994) (quoting *Hoffman v. People,* 780 P.2d 471, 474 (Colo.1989)).

■ If a person is in civil protective custody, the government has no interest in locating or preserving evidence of a suspected crime. However, the government has a legitimate interest in the safety of the officer, the detainee, and others. Therefore, the detained person may be patted down for weapons. *People v. Dandrea,* 736 P.2d 1211 (Colo.1987); *People v. Herrera,* 1 P.3d 234 (Colo.App.1999). And removing items from the person's pockets is a permissible extension of the initial patdown search. *People v. Dandrea, supra.*

■ When an inventory search is conducted pursuant to protective custody, the scope of the search is limited by the privacy interest of the detainee, and any closed containers must be set aside and a warrant obtained before they may be opened. *People v. Carper, supra,* 876 P.2d at 585.

■ Under the plain view exception to the warrant requirement, police are not required

to close their eyes to any evidence that they plainly see while conducting an otherwise legitimate search. Police may seize, without a warrant, plainly visible evidence, so long as (1) their initial intrusion is legitimate; (2) they had a lawful right of access to the object seized; and (3) they had a reasonable belief that the evidence seized is incriminating. *People v. Campbell*, 94 P.3d 1186, 1188 (Colo. App.2004) (citing *People v. Pitts*, 13 P.3d 1218, 1222 (Colo.2000)); *People v. Dandrea, supra*, 736 P.2d at 1217 (noting that the discovery of items in plain view in the course of a permissive search is an exception to the warrant requirement, but upholding trial court's order suppressing evidence because confiscation of package fulfilled limited purpose of search and no justification for further search had been provided).

■ A reasonable belief that the evidence is incriminating exists when the nature of the evidence is immediately apparent to the searching officer. The "immediately apparent" requirement is satisfied if the officer has probable cause to associate the item with criminal activity without conducting a further search. *People v. Campbell, supra*, 94 P.3d at 1188.

■ When ruling on a motion to suppress, a trial court must make findings regarding the historical facts of the case and apply the controlling legal standard to the established facts. A court's findings of fact are entitled to deference and will not be overturned if supported by competent evidence in the record. However, the court's conclusions of law are reviewed de novo. *People v. King*, 16 P.3d 807 (Colo.2001). The determination of the credibility of witnesses and the weight of the evidence is within the trial court's province. *People v. Holmberg*, 992 P.2d 705 (Colo.App.1999).

The trial court's finding of probable cause is subject to de novo review. *People v. Matheny*, 46 P.3d 453 (Colo.2002).

■ Defendant does not challenge the officers' authority to take him into protective custody or their authority to remove the bag from his pocket during the inventory search. Rather, he challenges only the conduct of the officer in opening the bag and testing its contents without first obtaining a search warrant. We reject this challenge.

Defendant argues that his case is similar to *People v. Chaves*, 855 P.2d 852 (Colo.1993). In *Chaves*, an officer conducted an inventory search of the defendant after he was taken into protective custody. The officer found a folded dollar bill. Suspecting the bill to be a "bindle" containing drugs, the officer opened it and found cocaine inside. The supreme court upheld the trial court's order suppressing the cocaine, determining that an inventory search authorized removing items from a defendant's pockets but did not authorize opening the folded dollar bill.

Here, in contrast, the officer's view of the drugs was not obscured by the container because the drugs were clearly visible through the plastic bag. The officer needed to take no other action to discover the substance inside the bag. Indeed, Deputy Degan testified that it was "immediately apparent" to him that the bag contained a controlled substance. We conclude that the officer's seizure of the bag and its contents falls within the plain view exception of the warrant requirement. *See State v. Donovan*, 128 N.H. 702, 519 A.2d 252 (1986) (under plain view exception, officer entitled to remove clear plastic bag from defendant's pants and seize the bag and its contents); *State v. Johnson*, 122 N.M. 713, 930 P.2d 1165 (Ct.App.1996) (no violation of Fourth Amendment when officers, in course of inventory search of civil detainee, opened a transparent container containing rocks of cocaine in plain view).

Nevertheless, defendant argues that the plain view exception does not apply because the contents could not be conclusively identified as methamphetamine until the bag was opened and the contents tested. However, the officer's training and experience and his view of the bag's contents were sufficient to establish probable cause to open the bag and field test the contents. *See People v. Campbell, supra* (reasonable belief that evidence is incriminating exists when incriminating nature of the evidence is immediately apparent to the searching officer); *Cordell v. Weber*, 673 N.W.2d 49, 56 (S.D.2003) (it is not necessary for an officer to be "certain beyond a doubt" that a substance found on civil detainee is contraband before it may be seized for

testing; seizure is permissible if probable cause exists to associate the property with criminal activity). Thus, the trial court did not err in denying defendant's motion to suppress.

The judgment is affirmed.

Judge TAUBMAN and Judge FURMAN concur.